**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-7107**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDREW DEAN BAILEY,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Lydia Kay Griggsby, District Judge.  (8:17-cr-00225-LKG-1)

_____

Submitted:  February 27, 2024                    Decided:  March 1, 2024

_____

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

Andrew Dean Bailey, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Dean Bailey was sentenced for drug and firearms offenses in February 2018. He filed a 28 U.S.C. § 2255 motion in February 2019 and a motion for compassionate release on August 4, 2022. On August 30, 2022, the district court denied the § 2255 motion. The motion for compassionate release remains pending.

On August 31, 2022, the Office of the Federal Public Defender filed a notice in the district court declining to represent Bailey related to his compassionate-release motion. Two weeks later, on September 14, 2022, the district court docket reflects two entries: a notice of appeal from the denial of the § 2255 motion, and a transmission of that notice of appeal to this Court. The documents included in the first entry are 1) a duplicate copy of the August 31 notice from the Office of the Federal Public Defender, which appears to be an electronic copy rather than a scan, and 2) a scan of an envelope from Bailey to the district court clerk's office, received September 14, 2022. Because the notice from the Office of the Federal Public Defender does not appear to be a scan, it is unclear what, if anything, was inside the envelope received from Bailey on September 14. That envelope does not appear elsewhere on the docket.

The district court docket reflects that the two entries from September 14 were modified on September 15, 2022, to note that they were electronically filed or sent in error. Accordingly, no appeal was opened in this Court related to those docket entries. The docket provides no further explanation as to what Bailey mailed on September 14, why the mailing was originally docketed as a notice of appeal, or why that docket entry was later modified to state that it was filed in error.

2

In October 2023, Bailey sent a letter to the district court asking about the status of his compassionate release motion; again seeking appointment of counsel; and referring to an "appeal," even though none was yet pending. The district court construed that letter as itself a notice of appeal and docketed it as such, leading to the instant case. In his informal opening brief filed in this Court, Bailey raised issues related to his § 2255 motion.

To the extent Bailey sought to appeal the August 2022 denial of his § 2255 motion via the October 2023 letter to the district court, that appeal was untimely. When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Because the instant notice of appeal was filed more than a year after the § 2255 motion was denied, and the district court has not extended or reopened the appeal period, we lack jurisdiction to consider a fresh appeal of the denial of the § 2255 motion.

However, it is unclear to us whether the October 2023 letter was actually intended as a notice of appeal. Instead, it appears to refer to an already-existing appeal. And, as noted, Bailey apparently sent a mailing to the district court which was received on September 14, 2022, and which was originally docketed as a notice of appeal. If he did indeed file such a notice at that time, it would have been timely. We are concerned that Bailey is under the impression that he made such a filing, yet it is unclear to us from the

3

district court docket what he mailed in September 2022 and whether an appeal should have been opened at that time.

Accordingly, we remand the case for the limited purpose of allowing the district court to determine whether Bailey timely noted an appeal from the denial of the § 2255 motion. The record, as supplemented, will then be returned to this Court for further consideration.

*REMANDED*